IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TECHNOLOGY FROM HEAVEN
UNLIMITED,

          Plaintiff,

  v.

REGAL-ELITE, INC., et al.,

          Defendants.

Case No. 2:16-cv-1146

Judge Graham

Magistrate Judge Deavers

## OPINION & ORDER

On November 21, 2018, Defendant PaulG Toys, Ltd ("PaulG") filed a Motion for Partial Judgment on the Pleadings as to Count I of Plaintiff's Amended Complaint. (ECF No. 93). The Court having fully considered the submissions by both parties in support of and in opposition of this motion, and for the reasons set forth below, hereby **DENIES** Defendant PaulG's motion.

Defendant PaulG avers that because it was not a named party to the license agreement at issue in this case, nor did it execute such agreement, it cannot be held liable for the alleged breach of the agreement. (Def.'s Mot. Partial J. Pleadings, ECF No. 93 at 890). Defendant PaulG also states that Plaintiff Technology from Heaven Unlimited ("TFHU") has failed to plead facts sufficient to support an allegation of breach of the license agreement and to survive a motion for judgment on the pleadings.

The standard applied to motions for judgment on the pleadings is the same standard applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Hindel v. Husted,* 875 F.3d 344, 346 (6th Cir. 2017). To withstand a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), "the factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Township of Comstock,* 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

Plaintiff TFHU alleges in its Complaint that Defendant PaulG assumed the license agreement by representing it was paying royalties to TFHU for the licensed product that is the subject of the license agreement at issue and through its course of conduct. (Compl. ¶ 34, ECF No. 82 at 463). These facts, as pleaded by TFHU, allow this Court to draw the reasonable inference that Defendant PaulG is liable for the alleged breach of the license agreement and are sufficient to survive Defendant PaulG's Motion for Partial Judgment on the Pleadings as to Count I of Plaintiff's Amended Complaint. Therefore, Defendant Paul G's motion is **DENIED**. (ECF No. 93).

       IT IS SO ORDERED.

                              /s/ James L. Graham
                              JAMES L. GRAHAM
                              United States District Judge

DATE: January 10, 2019